| | |
|---|---|
| VICTOR J. PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:17-CV-03154-BP ) ) |
| BRAD COLE, *et al.*, | ) ) |
| Defendants. | ) |

## DEFENDANT BRAD COLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Brad Cole ("Cole"), by and through his counsel of record, and, for his Answer to Plaintiff's First Amended Complaint, states as follows:

### JURISDICTION AND VENUE

1. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 1–3 of Plaintiff's First Amended Complaint and, therefore, denies same.

### PARTIES:

2. Defendant Cole admits that Plaintiff is a detainee in Christian County. Defendant Cole is without sufficient information or knowledge to admit or deny the remaining allegations, matters and averments made or contained in Paragraph 4 of Plaintiff's First Amended Complaint and, therefore, denies same.

3. Defendant Cole admits that he is the Christian County Sheriff, but is without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in Paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies same.

4. Responding to Paragraph 6 of Plaintiff's First Amended Complaint, Defendant Cole states it only contains legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies same.

5. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 7-10 of Plaintiff's First Amended Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant Cole admit the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

7. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 12-44 of Plaintiff's First Amended Complaint and, therefore, denies same.

8. Defendant Cole denies allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint.

9. Defendant Cole asserts that the allegations in Paragraph 46 of Plaintiff's First Amended Complaint is a legal conclusion to which no response is necessary. To the extent a response is required, Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 46 of Plaintiff's First Amended Complaint and, therefore, denies same.

10. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 47-55 of Plaintiff's First Amended Complaint and, therefore, denies same.

11. Responding to Paragraph 56, Defendant Cole denies refusing and continuing to refuse to provide adequate treatment to Plaintiff for his left eye. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 56 of Plaintiff's First Amended Complaint and, therefore, denies same.

12. Responding to Paragraph 57, Defendant Cole denies denying the Plaintiff sufficient medical evaluations and ongoing necessary medical treatment or that there is a custom or practice of denying medical care. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 57 of Plaintiff's First Amended Complaint and, therefore, denies same.

13. Defendant Cole denies allegations contained in Paragraphs 58-63 of Plaintiff's First Amended Complaint.

14. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 64-67 of Plaintiff's First Amended Complaint and, therefore, denies same.

**COUNT ONE:**
**DECLARATORY JUDGMENT AND PROSCRIPTIVE INJUNCTION**
**(AGAINST DEFENDANT COLE IN HIS OFFICIAL CAPACITY)**

15. Responding to Paragraph 68, Defendant Cole incorporates by reference, as though fully set forth herein, all of his responses to the allegations contained in Paragraphs 1–67 of Plaintiff's First Amended Complaint.

16. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 69-71 of Plaintiff's First Amended Complaint and, therefore, denies same.

17. Defendant Cole asserts that the allegations in Paragraph 72 of Plaintiff's First Amended Complaint is a legal conclusion to which no response is necessary. To the extent a response is required, Defendant Cole denies that Plaintiff is likely to succeed on the merits with respect to the claim asserted against him.

18. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 73-75 of Plaintiff's First Amended Complaint and, therefore, denies same.

**COUNT TWO:**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**
**(AGAINST DEFENDANT COLE IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, GLYNN IN HIS INDIVIDUAL CAPACITY, DOERRY IN HER INDIVIDUAL CAPACITY, AND ACH)**

19. Responding to Paragraph 76, Defendant Cole incorporates by reference, as though fully set forth herein, all of his responses to the allegations contained in Paragraphs 1–75 of Plaintiff's First Amended Complaint.

20. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 77 of Plaintiff's First Amended Complaint and, therefore, denies same.

21. Responding to Paragraph 78, Defendant Cole denies having actual knowledge of Plaintiff's alleged injuries or having acted with deliberate indifference to Plaintiff's medical needs and information. Defendant Cole is without sufficient information or knowledge to admit

or deny the allegations, matters and averments made or contained in Paragraph 78 of Plaintiff's First Amended Complaint and, therefore, denies same.

22. Defendant Cole denies the allegations in Paragraph 79 of Plaintiff's First Amended Complaint.

23. Responding to Paragraph 80, Defendant Cole denies having actual knowledge that Plaintiff faced a substantial risk of ongoing harm or harm of any kind and having acted with deliberate indifference to Plaintiff's medical needs. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 80 of Plaintiff's First Amended Complaint and, therefore, denies same.

24. Responding to Paragraph 81, Defendant Cole denies having acted with deliberate indifference to Plaintiff allegedly facing a substantial risk of actual harm from the physical limitations and chronic pain associated with his alleged conditions. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 81 of Plaintiff's First Amended Complaint and, therefore, denies same.

25. Responding to Paragraph 82 of Plaintiff's First Amended Complaint, Defendant Cole states it only contains legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole admits that duties are placed upon him in his capacity as the Christian County Sheriff, but denies any wrongdoing with respect to his duties.

26. Responding to Paragraphs 83-90 of Plaintiff's First Amended Complaint, Defendant Cole denies the allegations against him, but is without sufficient information or

knowledge to admit or deny the allegations, matters and averments with respect to the other Defendants and, therefore, denies same.

27. Responding to Paragraphs 91-93 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments with respect to the other Defendants and, therefore, denies same.

28. Responding to Paragraph 94, Defendant Cole denies the allegations against him, but is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraph 94 of Plaintiff's First Amended Complaint and, therefore, denies same

## COUNT THREE:
## FAILURE TO TRAIN
### (AGAINST DEFENDANT COLE IN HIS OFFICIAL AND INDIVIDUAL CAPACITY)

29. Responding to Paragraph 95, Defendant Cole incorporates by reference, as though fully set forth herein, all of his responses to the allegations contained in Paragraphs 1–94 of Plaintiff's First Amended Complaint.

30. Responding to Paragraph 96 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole admits that he has Constitutional duties associated with his position as the Christian County Sheriff, but denies any and all wrongdoing with respect to those duties.

31. Responding to Paragraph 97 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response

is required. To the extent a response is required, Defendant Cole admits that he has Constitutional duties associated with his position as the Christian County Sheriff, but denies any and all wrongdoing with respect to those duties.

32. Defendant Cole denies the allegations contained in Paragraphs 98-101 of Plaintiff's First Amended Complaint.

33. Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in Paragraphs 102-105 of Plaintiff's First Amended Complaint and, therefore, denies same.

34. Responding to Paragraph 106 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole denies that he caused injuries or damages to the Plaintiff, and is without sufficient information or knowledge to admit or deny the remaining allegations, matters and averments with respect to the other Defendants and, therefore, denies same.

35. Defendant Cole denies the allegations in Paragraph 107 of Plaintiff's First Amended Complaint again him. Defendant Cole is without sufficient information to admit or deny the allegations against the other Defendants, and therefore denies same.

36. Responding to Paragraphs 108-109 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments and, therefore, denies same.

37. Defendant Cole denies the allegations in Paragraph 110 of Plaintiff's First Amended Complaint again him. Defendant Cole is without sufficient information to admit or deny the allegations against the other Defendants and therefore denies same.

**COUNT FOUR:**
**FAILURE TO PROTECT**
**(AGAINST DEFENDANT COLE, IN HIS INDIVIDUAL**
**AND OFFICIAL CAPACITY, AND DEFENDANT DOE)**

38. Responding to Paragraph 111, Defendant Cole incorporates by reference, as though fully set forth herein, all of his responses to the allegations contained in Paragraphs 1–110 of Plaintiff's First Amended Complaint.

39. Responding to Paragraph 112 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole admits that he has Constitutional duties associated with his position as the Christian County Sheriff but denies any and all wrongdoing with respect to those duties.

40. Defendant Cole denies the allegations contained in Paragraphs 113-118 of Plaintiff's First Amended Complaint against him, but is without sufficient information to admit or deny the allegations matters and averments made against the other Defendants and, therefore, denies same.

41. Defendant Cole is without sufficient information to admit or deny the allegations matters and averments made in Paragraphs 119-120 of Plaintiff's First Amended Complaint and, therefore, denies same.

42. Defendant Cole denies the allegations contained in Paragraphs 121-122 of Plaintiff's First Amended Complaint against him, but is without sufficient information to admit

or deny the allegations matters and averments made against the other Defendants and, therefore, denies same

43. Defendant Cole is without sufficient information to admit or deny the allegations matters and averments made in Paragraph 123 of Plaintiff's First Amended Complaint and, therefore, denies same.

44. Defendant Cole denies the allegations contained in Paragraph 124 of Plaintiff's First Amended Complaint against him, but is without sufficient information to admit or deny the allegations matters and averments made against the other Defendants and, therefore, denies same.

45. Responding to Paragraphs 125-126 of Plaintiff's First Amended Complaint, Defendant Cole states they only contain legal conclusions and not statements of fact for which no response is required. To the extent a response is required, Defendant Cole is without sufficient information or knowledge to admit or deny the allegations, matters and averments and, therefore, denies same.

## **AFFIRMATIVE DEFENSES AND AVERMENTS**

1. Defendant Cole affirmatively pleads that he is shielded from suit under the doctrine of qualified immunity. Cole also affirmatively pleads that he did not violate Plaintiff's constitutional or federally protected rights and/or violate clearly established law(s) of the United States Constitution or other federal law as relevant to Plaintiff, and as such is immune from Plaintiff's claims brought under 42 U.S.C. § 1983.

2. Plaintiff's First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant Cole, and fails to state a claim upon which relief may be granted against him so that the same should be dismissed at Plaintiff's costs.

9

3. Defendant Cole affirmatively pleads that Plaintiff's damages, if any, were proximately caused by the negligence, acts and omissions of decedent and/or others who are beyond the control of Defendant Cole, and whose fault should be compared.

4. Defendant Cole affirmatively pleads that Plaintiff is not entitled to any punitive damage award against him for any one or more of the following reasons:

    a. The standards by which Defendant Cole's conduct is to be determined, as alleged by Plaintiff, is vague and wholly arbitrary and, as such, denies due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and the same or similar provisions of the Missouri Constitution;

    b. The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to Defendant Cole of the potential repercussions of his alleged conduct, and are subject to the unbridled discretion of the fact finder, thereby denying due process under the Fifth and Fourteenth Amendment of the United States Constitution, and the same or similar provisions of the Missouri Constitution;

    c. Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution are applicable, and the same or similar provisions of the Missouri Constitution;

    d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the same or similar provisions of the Missouri Constitution;

e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and the same or similar provisions of the Missouri Constitution;

f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award, and the same or similar provisions of the Missouri Constitution;

g. Plaintiff's request for punitive damages cannot protect Defendant Cole against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution, and the same or similar provisions of the Missouri Constitution;

h. An award of punitive damages would violate Defendant Cole's due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*, and the same or similar provisions of the Missouri Constitution;

i. To the extent, if any, that Plaintiff claims she has asserted any type of claim under 42 U.S.C. §1983, which Defendant Cole affirmatively denies he has done, Defendant Cole - to the extent he is being sued in his representative and/or official capacity - further states Plaintiff is not entitled to any punitive damage award against him, because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983, pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.*; and

j. To the extent Defendant Cole is being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by RSMo. § 537.610.

5. Defendant Cole affirmatively pleads that Plaintiff's First Amended Complaint seeks to hold him liable on a theory of *respondeat superior*, which cannot operate to impose liability on the City as a matter of law for claims brought under 42 U.S.C. § 1983.

6. Defendant Cole affirmatively pleads that to the extent, if any, that Plaintiff's First Amended Complaint attempts to state any cause of action under Missouri state law, Defendant Cole is protected from liability by Missouri's public duty doctrine and/or Missouri's official immunity doctrine and/or sovereign immunity by virtue of RSMo. § 537.600, *et seq.*

7. Defendant Cole affirmatively pleads if Plaintiff sustained any damage or loss, which he denies at all times, the same was caused or contributed to by Plaintiff's own acts or omissions.

8. Defendant Cole affirmatively pleads that Plaintiff did not exhaust his administrative remedies.

9. Defendant Cole incorporates herewith all affirmative defenses and/or avoidances pleaded or asserted by any other Defendant to this matter.

10. Defendant Cole reserves the right to amend this, his Answer to the Plaintiff's First Amended Complaint, to add such additional affirmative defenses as may be determined to apply during the discovery process.

WHEREFORE, Defendant Brad Cole, prays that Plaintiff take nothing against him, that he be dismissed with his costs and attorney fees incurred herein, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

ENSZ & JESTER, P.C.


/s/ Matthew J. Gist
MATTHEW J. GIST         MO #54732
CHRISTOPHER M. NAPOLITANO MO #66610
2121 City Center Square
1100 Main Street
Kansas City, MO 64105
Telephone: 816-474-8010
Facsimile: 816-471-7910
E-mails: mgist@enszjester.com
         cnapolitano@enszjester.com
**ATTORNEYS FOR DEFENDANT BRAD COLE**

## CERTIFICATE OF SERVICE

     I hereby certify that, on November 22, 2017, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

J. Michael Bridges
Ashley L. Norgard
Husch Blackwell LLP
901 E. St. Louis Street, Suite 1800
Springfield, Missouri 65806
E-mail(s): Michael.bridges@huschblackwell.com
       Ashley.norgard@huschblackwell.com
**ATTORNEYS FOR PLAINTIFF**


/s/ Matthew J. Gist
**ATTORNEYS FOR DEFENDANT BRAD COLE**